**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:16-cr-00308-HDM-PAL |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| THOMAS FRANCO, | ) | |
| Defendant. | ) | |

The court has considered the report and recommendation of the United States Magistrate Judge (ECF No. 43) filed on March 31, 2017, in which the Magistrate Judge recommends that this court enter an order denying the defendant's motion to suppress evidence (ECF No. 23).

On May 15, 2017, the defendant filed amended objections to the report and recommendation. (ECF No. 54). On June 2, 2017, the government filed a response. (ECF No. 57). With leave of court, the defendant filed a reply (ECF No. 61).

The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636

and applicable case law.  The court finds that the inevitable discovery doctrine as well as the community caretaking exception apply in this case as the vehicle was "cold-plated," the registration on the vehicle was not current, the vehicle could not be lawfully driven away from the parking lot, older model Hondas are a frequently stolen vehicle, and Officer Abel observed a small metal object fall out when the defendant exited the vehicle which the officers believed to be a makeshift key.  *See Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 n. 4 (9th Cir. 1993) (holding that the impoundment of an arrestee's car from a private parking lot "to protect the car from vandalism or theft" was reasonable under the community caretaking doctrine).

Accordingly, the court hereby **ADOPTS AND ACCEPTS** the report and recommendation of the United States Magistrate Judge (ECF No. 43) as modified by this order.  Therefore, defendant's motion to suppress evidence (ECF No. 23) is denied.

IT IS SO ORDERED.

DATED: This 12th day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE